UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
MAY 24 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Steven A. McLeod, )
　)
　　Petitioner, )
　)
v. ) Civil Action No. 11 0958
　)
U.S. Department of Justice *et al.*, )
　)
　　Respondents. )

## MEMORANDUM OPINION

Petitioner, proceeding *pro se*, has submitted a Petition for Writ of Mandamus or in the Alternative for Declaratory Judgment and Injunctive Relief, along with an application to proceed *in forma pauperis* ("IFP"). Upon review of the petition, the Court finds that petitioner has failed to state a claim for such extraordinary relief. It therefore will grant the IFP application and will dismiss the petition pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint, among other grounds, fails to state a claim upon which relief can be granted).

Petitioner is a Florida state prisoner serving a life sentence. Pet. ¶ 3. He seeks to compel the United States Department of Justice ("DOJ") and the Director of the Executive Office for United States Attorneys ("EOUSA") to release "FBI 302 Reports and/or debriefing transcripts of former Hillsborough County Assistant State Attorney Suzanne Rossomondo from a federal public corruption investigation in Tampa, Florida. . . ." Pet. at 1. Petitioner also seeks the release of exculpatory evidence relevant to his criminal prosecution in state court, *see id.*, but the named respondents did not prosecute plaintiff and, thus, cannot be compelled to produce



3

exculpatory evidence. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding "that the suppression *by the prosecution* of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment . . . .") (emphasis supplied); *U.S. v. Jenrette*, 744 F.2d 817, 824 (D.C. Cir. 1984) ("*Brady* mandates that upon request the prosecution disclose any evidence favorable to an accused where that evidence is material either to guilt or to punishment.") (citation omitted).

The Court may not entertain an action for such extraordinary remedies as a writ mandamus or a declaratory judgment if another adequate remedy is available. *See Mittleman v. United States Dep't. of Treasury*, 919 F. Supp. 461, 470 (D.D.C. 1995), *modified on other grounds*, 104 F.3d 410 (D.C. Cir. 1997) (in exercising its discretion under the Declaratory Judgment Act, the district court should consider, *inter alia*, the availability of other remedies); *Swan v. Clinton*, 100 F.3d 973, 977 n.1 (D.C. Cir. 1996) (mandamus relief is unavailable if, *inter alia*, another adequate remedy exists). The Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is the proper vehicle for obtaining records from United States agencies. Because there is no indication from the petition that petitioner has made a FOIA request to DOJ or EOUSA for the records he seeks, the Court finds that he has stated no claim upon which relief may be granted.[1] A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Ellen S. Huck
United States District Judge

Date: May 17, 2011

---

[1] As a general rule, a FOIA requester must exhaust his administrative remedies before obtaining judicial review. *See Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003) (explaining that while exhaustion is not jurisdictional, "as a jurisprudential doctrine, failure to exhaust precludes judicial review" if a merits determination would undermine the purpose of permitting an agency to review its determinations in the first instance).